Green, J.,
delivered the opinion of the court.
1. The first question is, whether there is a misjoinder of counts in this declaration.
The first three counts are in trover, and it is contended in behalf of the plaintiff in error, that the other four counts are in assumpsit, and are improperly joined with the counts in trover. It is clear that counts requiring different pleas and different judgments, cannot be joined in the same action, and such are trover and assumpsit, 1 Chitty Pl. 208; 16 John. R. 146; 2 Saund. R. 117.
*467 Whether the four last counts in the declaration are as-sumpsit, or case, depends upon a distinction not very obvious. In either case, the contract must be set out correctly as it existed, by which the negro came into possession of the party, and by which his duties and obligations were created, and the difference exists in the conclusion, or assignment of the breach.
“In an action on the case, ex contractu, the contract and its violation is the gist of the suit, and the injury sustained thereby, is collateral thereto; and in an action on the case, ex delicto, the wrong done, either by misfeasance, malfeasance, or nonfeasance, is the gistof the proceedings, and the contract collateral thereto.” Baxter & Hicks vs. Pope MS.*
Note. There was another point determined in this cause, which, however, is beside the purpose for which it is now reported. The plaintiff had examined a witness, and he had been allowed to retire. He was afterwards recalled by the defendant, and asked a question, on answering which, the plaintiff propounded a question to him, the answer to which was designed to impeach his credit. This was objected to by the defendant, but his Honor, the circait judge, allowed the question to be put; and then allowed the plaintiff to introduce other witnesses to prove that the witness in question had made to them statements differentfrom his present testimony. This court decided that this was erroneous, upon the well settled principle, that a party who introduces a witness cannot impeach his credit. But they expressly left undecided the question — Whether when the defendant recalls the plaintiff’s witness, and proves by him a substantive matter of de-fence, the plaintiff may not assailhis credit'?
Judging these counts, (for they are all substantially alike,) by these rules, we think they are in form ex delicto, and are well joined with the counts in trover. The conclusion of the last count is, “that the defendant did not, nor would, re-deliver the said last mentioned negro man Ned to the said Achilles A., on the said 25th of December, in the year 1835, or at any time hitherto; but on the contrary thereof, has hitherto wholly neglected so to do; and took such little and such bad care of the said last mentioned negro Ned, that he, the said negro Ned, by and through the mere negligence and carelessness of said James in this behalf, is totally lost to the said Achilles A.” Here the loss is charged as having been produced by the want of care, the negligence and carelessness of the defendant, and not as the consequence of his failure to deliver the negro. Hence the gist of the charge is the wrong *469 done by the malfeasance of the defendant, and the contract, as stated, is merely collateral. The action, therefore, is in form ex delicto, in all the counts.
2. it is insisted that Angus never had possession of the and therefore is not liable.
Upon this point the charge of the court is not complained of; but it is said there was not sufficient evidence to have authorised the jury to arrive at the conclusion, that possession had been acquired by the defendant. We do not feel called upon to criticise the testimony, inasmuch as there was proof conducing to show that the possession had been taken by the defendant. This court will not set aside verdicts upon the ground merely of the insufficiency of the proof.
3. It is next insisted that there was no act of Angus that ought to be regarded as a conversion of the negro.
Upon this point the court charged the law correctly, that “if Angus hired the negro for a special purpose, and he put him to a purpose totally different from that authorised in the contract, this would be a fraud on the right of the general owner, and would be aeon version." See Story on Bailments, § 423, p. 272-3.
It was left to the Jury to say from the evidence, whether it was a special hiring; and whether the property was employed in a manner different from the purpose for which it was hired. There was evidence conducing to prove that Angus had hired the negro specially to drive his wagon.
If that were so, and he afterwards hired him to Lane, it would be a violation of his contract, and a conversion of the property. An owner of a slave might be very willing to hire his servant to A. to drive his wagon, and at the same time would by no means agree, that he should be employed under B. to drive his wagon. Hence, if there be a special stipulation in the contract of hiring as to the description of labor the servant is to perform, and the hirer employ him in an entirely different kind of service, he is responsible for all damages, and if a loss occurs, although by inevitable casualty, he is responsible therefor. Story onBailments. § 413.
The court also told the Jury in substance, that where there is a general hiring, the hirer was only liable for ordinary ne- *470 gleet; and that if the facts of this case showed such general hiring, and the defendant had acted as a man of ordinary sense and prudence would act with his own property, he was not liable.
The whole case was thus fairly before the Jury, and had the verdict been either way, we should not have felt authorised to disturb it.
Lot the judgment be affirmed.

 BAXTER HICKS vs. POPE. — Pleading. Rule to distinguish between counts in case ex contractu and ex delicto. In. the former, the contract and its violation are the gist of the suit, — the injury sustained thereby is collateral thereto. In the latter the wrong done, whether by misfeasance, malfeasance or nonfeasance, is the gistof the action, the contract collateral thereto. — Practice. Wit-nesSy by whom credit of cannot be impeached. The party who introduces a witness cannot ask him a question tending to impeach his credit. But if the defendant use a witness of the plaintiff to prove a substantive matter of defence, may not the plaintiff impeach his credit?
Turley J. delivered the opinion of the court.
This is an action on the case in form ex delicto, against the hirer of a negro man for not returning him at the expiration of the term for which he was hired.
It is objected, that there is a misjoinder of actions in the declaration. It is a principle too well settled to admit of dispute that actions which require different pleas and different judgments, cannot be joined, — such as those in which the pleas are nob guilty and non assumpsit, and the judgments are quod, capiatur and in misrecordia; and that this objection is good in arrest of judgment and on writ of error. 1 Chitty Plead. 208; 16 Johnson 146; 2 Saund. 117. Whether there is* in this case, such a misjoinder, depends entirely on the construction to be given to the second coant in the declaration. All the rest are in form, case ex delicto; but this, it is contended, and we think successfully, is in assumpsit.
It is sometimes difficult to distinguish with certainty between a declaration in an action on the case in form ex contractu, and in form ecc delicto. A good rule to solve the uncertainty is this, that in an action on the case ex contractu, the con" tract and its violation are the gist of the suit, and the injury sustained thereby is collateral thereto; and in action on the case ex delicto, the wrong done, whether by misfeasance, malfeasance or nonfeasance, is the gist of the proceedings, and the contract collateral thereto. And the question is — whether this count is fram" ed on the contract to hire and return, or on the negligent conduct of the plaintiff in error, by which a loss has been sustained by the defendant in error?
This count is in substance — “That the plaintiff'below, at the special instance and request of the defendants, let and delivered to them a male servant of the value of one thousand dollars, to be had and used by them for a certain price, then and there agreed upon; and in consideration of said agreement and said price» the plaintiff then and there delivered said servant to said defendants to hire for *468 one year, and then and there agreed with said defendants, that atthe expiration of said term, said servant was to be re-delivered by the defendants to the plaintiff.” And the breach assigned is on. the promise, viz. ‘‘That although the time for the hire of said servant had expired, and although the defendants had been often requested to deliver him, yet, they, not regarding their duty and promise so made in this behalf, but contriving* to deceive, injure and defraud, had not delivered said servant to said plaintiff; by means of which he has wholly lost the use of said servant, and sustained damages to the amount of §1000.”
It is hard to conceive that this is not an action brought for a breach of the contract to re-deliver; and the declaration appears to us to be, iu substance, a copy of the forms in an action of assumpsit against a bailee, given in 2 Chitty’s PI. from page 339 to 156.
The precedents in an action on the case in form ex delicto against a bailee, may be seen in 2 Chitty’s PI. 311 et seq., in which it will be seen that the breach assigned is not of a contract, but of the performance of a duty, of the defendant, which consists always either in a nonfeasance, misfeasance or malfeasance. We therefore think that there is a misjoinderof actions in this case, and that the judg« ment must be reversed and arrested.